No. 213

FINK v. DRUMGOLD

Ohio Appeals, 6th Dist, Lucas Co.

No. 1471. Decided Jan. 12, 1925.

561. STATUTE OF FRAUDS—Promise whereby promisor has direct precuniary purpose of her own, when she promises to pay the debt of another, does not come within it.

CHITTENDEN, J.

Epitomized Opinion

Published only in Ohio Law Abstract

Irving Conlisk was a member of a fraternal beneficial society and carried a beneficial certificate for $1500. Conlisk requested Jacob Fink to loan him $300 with which to pay dues and assessments upon said certificate in order to keep it in full force and effect. The loan was made and Conlisk executed to Fink his promissory note for that amount.

Lottie Drumgold requested Fink to procure Conlisk to name her as beneficiary in the beneficial certificate; and promised that if he would do so she would pay him the money he had loaned Conlisk when the amount of the certificate was turned over to her at Conlisk's death. In accordance with the agreement Conlisk, by Fink's procurement named Drumgold as beneficiary. After his death $313 had to be paid for his funeral expenses. Fink stood this expense upon Drumgold's promise to repay when the money matters in connection with the certificate were settled. Fink claimed that she received the money and has refused to pay him. Lucas Common Pleas sustained her demurrer to Fink's petition, dismissing said petition. Error was prosecuted and the Court of Appeals held:

The promise of Drumgold was without the statute of frauds, because it was not a promise without consideration to pay for the debt of another. Drumgold had a direct pecuniary purpose of her own involving a benefit to herself, as the object of her promise to pay Conlisk's obligation. The trial court erred in sustaining the demurrer. Judgment will therefore be reversed.

Attorneys—Southard, Rowe & Williams, Warren P Dillon for Fink; Kirkbride, McCabe & Boesel for Drumgold. All of Toledo.